Appeal from Seventh District

## SKEWES v. BLISS.

No. 3633. Decided April 5, 1921.   (196 Pac. 850.)

1. ELECTIONS—GROUNDS OF CONTEST HELD SUFFICIENTLY STATED IN THE COMPLAINT. Allegations in a complaint in an election contest that defendant made a contribution of money to wit, the sum of $10, to one of the judges of a specified voting district for political purposes, was sufficient under Comp. Laws 1917, § 2365, forbidding disbursement for political purposes, section 2398, requiring the complaint to state the grounds of contest in detail, and section 2415, forbidding grounds of contest to be rejected if set forth with such certainty as will advise defendant of the particular proceeding or cause for which the election is contested.

2. ELECTIONS—DEFENDANT IN A CONTEST CANNOT FIRST QUESTION SUFFICIENCY OF COMPLAINT ON APPEAL. Defendant in an election contest, who answered and proceeded to trial without challenging the sufficiency of the statement of grounds in the complaint, cannot raise the objection on appeal.

3. ELECTIONS—EVIDENCE HELD NOT TO SUSTAIN CHARGE THAT DEFENDANT HAD CONTRIBUTED MONEY FOR POLITICAL PURPOSES. In an election contest, evidence *held* insufficient to show that defendant's disbursement of moneys was not for the purpose of meeting his campaign assessment instead of for political purposes not sanctioned by law.

4. ELECTIONS—CORRUPT PRACTICE ACT IS TO BE CONSTRUED TO EFFECT ITS INTENT. Comp. Laws 1917, §§ 2360-2406, for prevention and punishment of corrupt practices in elections, should be liberally construed and rigidly enforced for the purpose of attaining the object for which it was intended.

5. ELECTIONS—DEFENDANT IN CONTEST IS PRESUMED INNOCENT. In a contest of election under Comp. Laws 1917, §§ 2360-2406, involving penalties and punishment as for crime, the defendant is presumed innocent.

Appeal from District Court, Seventh District, Grand County; *H. N. Hayes*, Judge.

Action by John B. Skewes against W. J. Bliss, contesting the election of defendant as sheriff. From a judgment ousting defendant and declaring the office vacated he appeals.

REVERSED, and defendant declared entitled to the office.

*J. W. Cherry,* of Mt. Pleasant, for appellant.

*Knox Patterson, C. A. Robertson* and *George J. Constantine,* all of Moab, for respondent.

CORFMAN, C. J.

The plaintiff and defendant were rival candidates for the office of sheriff of Grand county, Utah, at the general election held in November, 1920. After a canvass was made of the votes cast in the several county voting precincts, the official returns showed that the plaintiff, as the Democratic candidate, received 290 votes, and the defendant, as the Republican candidate, received 295 votes at said election, and thereupon the defendant was officially declared elected to the office. Within the time authorized by statute the plaintiff commenced this action in the district court of Grand county contesting the said election of the defendant and his right to hold said office upon various grounds, among them the following:

"That said incumbent, contestee, W. J. Bliss, for the purpose of procuring his election, committed an offense against the elective franchise defined by the laws of the state of Utah, to wit: That in violation of chapter 15 of title 27 of the Compiled Laws of Utah 1917, the said incumbent, contestee, on or about the 25th day of October, A. D. 1920, made a contribution of money, to wit, the sum of $10, to one of the judges of election of Richardson No. 2 voting district, for political purposes."

The defendant, by his answer, denied the allegations of the complaint or contest statement, and prayed judgment that his election to said office be confirmed. After a hearing before the district court, without a jury, the foregoing issue thus joined was found in plaintiff's favor, and, in accordance with the prayer of the complaint, the court rendered judgment and ordered that the defendant "be ousted and excluded from such office (of sheriff) and that said office be declared to be vacated." All other issues raised by the

pleadings were decided in defendant's favor, and therefore need not be here considered.

The defendant appeals from the judgment, assigning as errors: (1) Insufficiency of the complaint or statement of grounds of contest; (2) failure of the court to make findings of fact and conclusions of law; and (3) that the evidence is insufficient to sustain the judgment entered.

The plaintiff's complaint against the defendant is founded upon the provisions of chapter 15, of title 27, Comp. Laws Utah 1917, entitled "Prevention and Punishment of Corrupt Practices in Elections." As has been seen, the defendant, for the purpose of procuring his election, is charged with having committed an offense against the election franchise, in that he made a contribution for political purposes of money, $10, to one of the election judges of a voting precinct of the county in which he was a candidate for office. For a better understanding of the merits of this controversy, we deem it necessary to here quote such provisions of the Corrupt Practices Act as may be pertinent to the questions raised by the respective parties.

Comp. Laws Utah 1917, § 2360, which is the first section of the act referred to, provides:

"Any act shall be deemed to have been for political purposes when the act is of a nature, or is done with the intent, or * * * in such a way, as to influence or tend to influence, directly or indirectly, any voting at any * * * election. * * * The term 'personal campaign committee' shall mean any committee appointed by a candidate to act for him as hereinafter provided. * * * The term 'party committee' shall mean any committee appointed or elected to represent any political party with a party organization in this State."

Section 2362 provides:

"No candidate shall make any disbursements for political purposes except under his personal direction, which for every purpose shall be considered his act, or through a party committee, or through a personal campaign committee, whose authority to act shall be filed as provided by this chapter."

Section 2364 reads:

"No person or group of persons, other than the candidate or his personal campaign committee, or party committee, shall make any

disbursements for political purposes, otherwise than through a personal campaign committee, or a party committee, except," etc.

Section 2365 provides:

"No candidate for  *  *  *  election to any elective office in this state coming within the provisions of this chapter shall make any disbursements for political purposes except the following, which are hereby declared to be legal disbursements for political purposes, to wit:  *  *  *  (4)  For contributions to his party committee."

Section 2368 provides that a financial statement shall be made by the candidate showing:

"Every disbursement by such candidate or committee for political purposes during such period, together with the name of every person to whom the disbursement was made, the specific purpose for which each was made, and the date when each was made, together with the total amount of disbursements made in any amounts or manner whatsoever."

Section 2376 provides a limitation on disbursements, not material here, as it is not contended defendant exceeded the prescribed limitation.  Said section also provides:

"No sum of money shall be paid, and no expenses authorized or incurred by or on behalf of any candidate contrary to the provisions of this chapter."  '

Section 2398, among other things, provides that—

In proceedings under the act "the complaint  *  *  *  shall set forth the name of the person whose election is contested, and the grounds of the contest in detail."

Section 2399 provides:

"If the court shall find that the candidate whose right to any office is being investigated  *  *  *  has violated any provision of this chapter, in the conduct of the campaign for  *  *  *  election  *  *  *  judgment shall be entered declaring void the election of such candidate to the office for which he was a candidate, and ousting and excluding him from office and declaring the office vacant."

Section 2404 provides:

"Any person violating any provision of this chapter shall, upon conviction thereof, be punished, unless otherwise herein provided, by imprisonment in the county jail for a period of not less than one month nor more than one year, or by imprisonment in the state prison for a period of not less than one year nor more than three years, or by a fine of not less than $25.00 nor more than $1,000, or by both such fine and imprisonment; and no person so convicted shall

be permitted to take or hold the office to which he was elected, if any, or receive the emoluments thereof."

Under the provisions of Comp. Laws Utah 1917, c. 16, § 2415, treating of election contests, it is provided:

"No statement of the grounds of contest will be rejected, nor the proceedings dismissed by any court for want of form, if the grounds of contest are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which such election is contested."

Section 2419 of the same chapter provides:

"After hearing the proofs and allegations of the parties, the court must pronounce judgment in the premises, either confirming or annulling and setting aside such election."

We cannot agree with the contention of counsel for appellant that the complaint in this action does not sufficiently state the grounds of the contest; nor that the defendant was not advised thereby of what he had to meet. Moreover, no complaint was made before the trial court on the ground of the insufficiency of the allegations of the complaint. The defendant saw fit to answer the complaint, proceed to trial without demurring or otherwise challenging the sufficiency of the complaint, and he ought not be heard to question its sufficiency for the first time in this court. While the allegations of the complaint with reference to the particular act charged might well have been more specific, the charge that the defendant "made a contribution of money, to wit, the sum of $10, to one of the judges of said Richardson No. 2 voting district for political purposes," in our judgment, was sufficient to advise him as to what he had to meet and to confer jurisdiction upon the court to proceed with the case under the provisions of our statute, section 2415 above quoted.

What has been said with respect to the sufficiency of the complaint applies, we think, with equal force to the contention made by appellant as to the insufficiency of the court's findings of fact and conclusions of law. As we read the decision of the trial court, the court did make both findings of fact and conclusions of law sufficiently meeting the requirements of our statute.

As a matter of law, however, the sufficiency of the court's findings, as well as the sufficiency of the evidence, to support the judgment, presents a much more difficult matter for us to determine. We find from the evidence in this record that Richardson voting district No. 2, of Grand county, like many of the voting districts of this state, is sparsely inhabited and somewhat isolated from the more thickly populated towns and settlements. Grand county had, during the campaign of 1920, a Republican county committee. One J. P. Miller was its chairman. Richardson No. 2 voting district, in previous campaigns, had had for its Republican chairman one John E. Pace, but in the campaign of 1920 he had been succeeded by another. John E. Pace, in 1920, was not a member of any committee, but was appointed judge of election for said voting district. The defendant had no personal campaign committee. He testified concerning the alleged contribution, or payment of money by defendant to John E. Pace, judge of election of Richardson voting district, as follows:

"I got word from Mr. Pace that he thought they ought to have a little money from the campaign usually raised in the county. I spoke to Mr. Miller (chairman of the county committee) about it, and he said, "Yes, send him a little money, and also a box of cigars if you like." He says, 'You better send him $10.' I told him, 'All right,' and later learned, I think a day or two afterwards, that Foy was going up there. I told Mr. Miller that Foy was going up tomorrow, and why not send the money along with him? He said: 'If you have $10, send it along.' I gave it to him that night. * * * Q. Was there anything said to you about your campaign assessment? A. Yes, he (Miller) said: 'We will let it apply on your campaign assessment.' I told Mr. Foy to take it up to the Richardson precinct and give it to Mr. Pace—I think I said John Pace. Q. Did you know who the precinct chairman was at that time? A. I thought I did, but I learned afterwards I didn't. Q. Who did you think was the precinct chairman? A. I thought John E. Pace was the precinct chairman; he had been before, and I supposed he was still. Q. Did you send any message to Pace. A. Just that these were from the county committee."

J. P. Miller, the chairman of the Republican county committee, a witness called in behalf of the plaintiff, testified concerning the contribution as follows:

"Some of the people over there, I don't know just who it was, some one acquainted with Mr. Bliss, asked him or the central committee to send them over some funds. They said they would not be here to take part in the dances and rallies here in Moab, and they asked to have some funds sent over that they might conduct their own campaign in their own precinct. Mr. Bliss spoke to me about it, and I said, 'I haven't any funds available at present, but if you will give them $10 I will credit you on your campaign assessment, and you can also send them a box of cigars,' and I stated, 'When you do that I will give you credit on your campaign assessment for the amount.' And Mr. Bliss later on reported to me that he had done so, that he had sent $10 over to this precinct, together with a box of cigars, and I credited him with the amount—$14, I think it is—on his campaign assessment."

There was also offered and received in evidence a verified statement of the county committee of receipts and disbursements showing that the committee had received from the defendant the $14 and that the same had been disbursed to the precinct committee.

The record shows that the money and cigars were, as directed by the defendant, taken to Richardson precinct and delivered to John E. Pace, one of the precinct judges of election. As to what use or disposition was made of the money and cigars the record is silent. The defendant testified that he made no direction as to how it should be used.

A canvass of the election returns showed that 13 Republican votes and one Democratic vote were cast at the election in Richardson district.

After carefully reading the entire record in this case, we find no substantial conflict in the evidence.

The plaintiff contends that the defendant committed a criminal offense against the elective franchise; that by his conduct and acts he violated the provisions of chapter 15, supra, of our statutes commonly known as the Corrupt Practices Act, and in the interest of the purity of elections in this state the defendant should suffer the penalties therein provided for its violation; and that the judgment of the district court ousting him from the office to which he was elected must be sustained. There can be no doubt but that in the interest of the purity of elections the statute invoked by the plaintiff in this action should be liber-

ally construed and rigidly enforced for the purpose of attaining the objects for which it is intended. On the other hand, it should be constantly kept in mind that the attending consequences of its violation are so serious that the accused ought not to be held to bear them until it is clearly shown that his acts have been violative of both the letter and spirit of the law. Aside from the severe penalties imposed upon a defendant who is found by the court to have transgressed the statute under consideration, it is provided by the Constitution of this state (section 6, art. 4) that—

"No * * *     person convicted of * * * crime against the elective franchise, unless restored to civil rights, shall be permitted to vote at any election, or be eligible to hold office in this state."

In this, as well as in all other cases in which the defendant is charged with having committed a crime, he must be presumed to be innocent until proven guilty. Such is one of the fundamental principles of our jurisdiction. "Frequent recurrence to fundamental principles is essential to the security of the individual rights and the perpetuity of free government." Const. art. 1, § 27. The evidence in this case stands uncontradicted that the defendant made the contribution in the best of faith. As we read the record his contribution was intended to be and was made to the county central committee. To that committee he had a legal right to contribute within the limitations prescribed by section 2376 of the statute. There is no proof, nor is there any claim made, that he exceeded the amount that might lawfully be contributed. In the absence of any showing to the contrary, we think it must be presumed that his contribution was made to the county committee for the express purposes mentioned and sanctioned by section 2366, and not for "political purposes" as defined by section 2360. While the recent election returns from Richardson precinct might, ordinarily, give rise to some suspicion or conjecture on the part of the extremely skeptical that the contribution made had in some measure tended to influence the voting of its 14 electors, it should be kept in mind that one lone Democratic vote was cast in the precinct, and that was doing pretty well for 1920.

Certiorari.   Award Annulled

We entirely agree with the contention made by plaintiff's counsel, and the doctrine advanced by the authorities cited in their brief, that violations of the statute under consideration, no matter how trivial or insignificant in their character, when they tend to mitigate against the purity of our elections, should not be sustained. *Prentiss* v. *Dittmer,* 93 Ohio St. 314, 112 N. E. 1021, L. R. A. 1917B, 191; *Bush v. Head,* 154 Cal. 277, 97 Pac. 512; *Hawley* v. *Wallace,* 137 Minn. 183, 163 N. W. 127; *Diehl* v. *Totten,* 32 N. D. 131, 155 N. W. 77, Ann. Cas. 1918A, 884. But in this case the contribution complained of against the defendant was one expressly authorized by the statute. It was, as we read the evidence, made to the county committee. The defendant was so credited, and that committee's report of receipts and disbursements was made accordingly. The mere fact that the defendant, under the direction of the county chairman, handed it to a party to be taken to a precinct judge of election whom he erroneously believed to be the precinct chairman, in our judgment, will not sustain the district court's finding that the defendant contributed money for "political purposes in a manner not sanctioned by law."

We are therefore of the opinion that the judgment of the district court should be reversed and the defendant declared to be entitled to the office of sheriff of Grand county, and the emoluments thereof during the term for which he was elected. It is so ordered. Defendant to have his costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.